UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS GONZALEZ,

     Petitioner,

v.                                Case No.  2:26-cv-04-SPC-KRH

SECRETARY, DEPARTMENT OF
CORRECTIONS,

     Respondent.

_____

**<u>OPINION AND ORDER</u>**

Before the Court is Luiz Gonzalez's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Gonzalez challenges a 2016 judgment. After a partially successful direct appeal, he was resentenced to 15 years on a manslaughter conviction and to 30 years on a conviction for leaving the scene of a motor vehicle crash resulting in death, to be served consecutively. Respondent argues the petition is untimely. (*See* Doc. 7). The Court agrees.

28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, sets a one-year period of limitation on the filing of a habeas petition by a person in state custody. This limitation period runs from the latest of:

    (A)   the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Gonzalez does not allege, nor does it appear from the pleadings or the record, that the statutory triggers in subsections (B)-(D) apply. Thus, the limitations period began to run on the date Gonzalez's conviction became final. 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

The State of Florida charged Gonzalez with one count of leaving the scene of a motor vehicle crash resulting in death, in violation of Fla. Stat. §§ 316.062 and 316.027(1)(6), and one count for an intentional killing with a weapon, specifically, a motor vehicle, in violation of Fla. Stat. §§ 782.07(1) and 775.087. (Doc. 8-2 at 4–5). A jury found Gonzalez guilty on both counts,

2

returning a verdict finding that the killing was manslaughter and that Gonzalez "personally and intentionally used a weapon to commit" the crime. (*Id.* at 7). On November 12, 2013, the state trial court adjudged Gonzalez guilty, found both offenses to be first-degree felonies, and sentenced him to 30 years' imprisonment on each count, to be served consecutively. (*Id.* at 9–17).

Gonzalez appealed. In a written opinion issued on July 8, 2016, the Florida Second District Court of Appeal affirmed in part, reversed in part, and remanded. (Doc. 8-2 at 19–22); *Gonzalez v. State*, 197 So. 3d 84 (Fla. Dist. Ct. App. 2016). Specifically, the court of appeal found the trial court erred by reclassifying the manslaughter offense to a first-degree felony because a motor vehicle could not be a "weapon" for purposes of the relevant statute. (*Id.*); *Gonzalez*, 197 So. 3d at 84–86[1]. As a result, the appellate court reversed that conviction and ordered the trial court to resentence Gonzalez on the manslaughter count as a second-degree felony. (*Id.*); *Gonzalez*, 197 So. 3d at 84–86.

On remand, the trial court resentenced Gonzalez on October 26, 2016. (Doc. 8-2 at 25–31). In compliance with the appellate court's order, the trial court treated the manslaughter count as a second-degree felony and

---

[1] The Florida Supreme Court later disapproved of the Second District Court of Appeals' decision in *Gonzalez*, holding that a motor vehicle can be a weapon for purposes of the statute and that the matter presents a question of fact for the jury. *See Shepard v. State*, 259 So. 3d 701 (Fla. 2018).

resentenced Gonzalez to 15-years imprisonment on that count, to be served consecutively to the 30-year sentence previously imposed for the conviction for leaving the scene. (*Id.*) Gonzalez appealed again, but the Second District Court of Appeal affirmed in a no-opinion *per curiam* order issued on November 3, 2017. (*Id.* at 35); *Gonzalez v. State*, 239 So.3d 43 (Fla. Dist. Ct. App. 2017) (table). Gonzalez did not seek further review.

For purposes of § 2244(d)(1)(A), the "judgment" at issue is the October 2016 resentencing following Gonzalez's first direct appeal. *See Cassidy v. Sec'y, Fla. Dep't of Corr.*, 119 F.4th 1336, 1344 (11th Cir. 2024). That judgment became "final" on February 1, 2018, when the 90-day period to petition the United States Supreme Court for certiorari review of the November 3, 2017, *per curiam* affirmance expired. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1274-75 (11th Cir. 2006); *Turner v. Sec'y, Dep't of Corr.*, 720 F. App'x 998, 999 (11th Cir. 2018).

The one-year limitations period of § 2244(d)(1) thus commenced running on February 1, 2018, and ran for 355 days until January 23, 2019, when Gonzalez filed a counseled motion in the state trial court seeking postconviction relief pursuant to Fla. R. Crim. P. 3.850. (Doc. 8-2 at 38–81). That filing tolled the federal limitations period under 28 U.S.C. § 2244(d)(2). *See Morris v. Sec'y, Fla. Dep't of Corr.*, 991 F.3d 1351, 1354 (11th Cir. 2021); *see also Mason v. Sec'y, Dep't of Corr.*, No. 8:11-CV-386-T-17MAP, 2011 WL

3703475, at *3 (M.D. Fla. Aug. 23, 2011) (recognizing that a properly filed postconviction motion only pauses the running of the one-year limitations period; it does not reset or restart the period anew).

The state trial court denied the Rule 3.850 motion, and Gonzalez appealed. The Sixth District Court of Appeal issued a per curiam no-opinion affirmance on October 21, 2025. (Doc. 8-2 at 149); *Gonzalez v. State,* 421 So. 3d 510 (Fla. Dist. Ct. App. 2025) (table). The mandate issued on November 10, 2025 (Doc. 8-2 at 150). The one-year federal clock ran for ten more days and expired on November 20, 2025. *See Nyland v. Moore,* 216 F.3d 1264, 1267 (11th Cir. 2000).

Gonzalez later filed his § 2254 habeas petition in this Court, claiming his trial counsel rendered ineffective assistance in violation of the Sixth Amendment. (Doc. 1). The Clerk docketed the petition on January 2, 2026. (*Id.* at 1). But under the prison mailbox rule, the petition is deemed filed when Gonzalez presented it to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266, 270-71 (1988). Gonzalez claims he did so on December 27, 2025. (Doc. 1 at 15). The State argues he actually did so the day after that, December 28, 2025, based on a prison mail stamp on the petition. (*See id.* at 1). But even the earlier date is more than a month after the one-year statute of limitations expired on November 20, 2025. Accordingly, Gonzalez's habeas petition is untimely.

The limitations period is subject to equitable tolling in appropriate cases. *See Holland v. Florida,* 560 U.S. 631, 645 (2010). The limitations period may also be overcome by a sufficient showing of actual innocence. *See McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). Gonzalez does not attempt to establish either. The Court thus dismisses Gonzalez's petition as untimely.

## DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell,* 537 U.S. 322, 335–36 (2003) (citations omitted). Gonzalez has not made the requisite showing here and may not have a certificate of appealability on any ground of his Petition.

Accordingly, it is now

**ORDERED:**

6

Luis Gonzalez's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DISMISSED**. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 11, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-3
Copies:  All Parties of Record